# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FRANK NEWSOME,

                Plaintiff,    :    Case No. 3:01-cv-281

                                      District Judge Walter Herbert Rice
  - vs -                              Magistrate Judge Michael R. Merz

JERRY ERWIN, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS

       This case, brought *pro se* by Plaintiff Frank Newsome, is before the Court on Newsome's Motions to Reopen the Case, to Appoint Counsel, and for Settlement (Doc. Nos. 26, 27, 28). As post-judgment motions they are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

       Final judgment was entered in this case on June 27, 2002 (Doc. Nos. 23, 24) and Newsome took no appeal, perhaps because the Sixth Circuit has previously imposed monetary sanctions on him for a frivolous appeal.

       In the instant Motion to Reopen, Newsome cites no facts which have not been previously and repeatedly litigated in this Court. Newsome is under a permanent injunction not to file new cases without paying the required filing fee, obtaining representation by an attorney, or obtaining the advance permission of the Chief Judge. The instant Motion is, as the Magistrate Judge said

of Newsome's parallel Motion in another case, a "transparent attempt … to obtain access to this Court without [complying with that injunction]." (Case No. 3:00-cv-372, Report, Doc. No. 49, PageID 3[1].)  The Motion to Reopen and the ancillary motion to appoint counsel should be denied.

Newsome's Motion for Settlement is blatantly extortionate.  It reads in its entirety "Plaintiff moves this court for a settlement in the amount of 200,000 that it will cause it to stop." (Doc. No. 28, PageID 8.)  Long experience with Newsome persuades the Magistrate Judge that nothing will "cause it to stop" other than monetary sanctions, which have successfully kept Newsome from taking frivolous appeals to the Sixth Circuit.  The Motion for Settlement should be stricken and Newsome warned that further filings of that nature or which violate the injunction will be met with monetary sanctions.

November 6, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

---

[1] Filings from before January 2012 have not been digitized.